By the Court.—Monell, J.
As the rejection of the evidence offered by the defendant appears to have been erroneous, we have not deemed it necessary to examine any of the interesting questions raised by the other exceptions.
It is not understood upon what ground the evidence was excluded; but the plaintiff’s counsel insisted that there had been no sufficient levy upon the claim in shit, so as to vest the right to it in the sheriff. -
It must be assumed, for the purpose of examining the question, that the execution upon the second judgment was unsatisfied; otherwise, the office of the attachment would have been spent, and a new levy would have been necessary under the execution.
These attachments were issued in actions under the Code, and enough appeared to give jurisdiction ; and I think the levy was sufficient to place the debt, due from the defendant to Branigan, in the custody of the law. And as the plaintiff got, by the assignment, such interest only as Branigan had, the evidence offered furnished a defense to the plaintiff’s action.
The levy under the attachment, as it was offered to *349 ¡be shown, was strictly .in conformity with the statute. The Code provides that all property of the defendant in the attachment shall be liable to levy; and in respect to “debts” due to the defendants, that the attachment shall be executed by the sheriff’s leaving a certified copy with the debtor, with a notice showing the property levied on {Code, §§ 234, 235). That all this was done, the evidence offered would have established.
The effect of such notice was to constitute it a sufficient levy upon the claim in this action, and to vest in the sheriff the right of action upon it (Burkhardt v. Sandford, 7 How. Pr. 329), unless, as was claimed by plaintiff’s counsel, the offer of evidence was incomplete, in not embracing an offer, also to show the making and return of an inventory, as required by the statute (2 Rev. Stat. 4, § 8.)
The offer was, I think, sufficient. It was to prove a notice from the sheriff to the debtor that he had levied upon the claim. The lien of the attachment thereupon became complete, and the sheriff became vested with all of Branigan’s interest in the claim.
The omission of the sheriff to make and return an inventory would not, probably, of itself, invalidate the levy, if it was otherwise sufficient, as the provision requiring an inventory is for the benefit of the creditor, and can be enforced only by him.
But, however that may be, it will be seen, that although the sheriff is required (§ 232) to proceed, in all respects, in the manner required of him by law in case of attachments aga’nst absconding debtors, yet the Revised Statutes do not contain any provision constituting a notice to a debtor a levy upon the debt. The provision in the Code is new, and was probably designed, by giving a better notice to the debtor, to protect him against the claim by his creditor.
At and for a long time previous to the assignment to the plaintiff, all the rights of his assignor had passed *350 to the sheriff, and he was incapable of transferring anything to the plaintiff until the attachment levy was removed, which had not been done at the time of the trial.
For these reasons, I think the defendant ought to have been permitted to have made good Ms offer and to haveproved his defense.
The exceptions should be sustained, the verdict set aside and a new trial granted, with costs to the defendant to abide the event.
J ones, J., concurred.